UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDDY PHILIPPEAUX,

        Plaintiff,

-against-

BOARD FOR CORRECTION OF NAVAL RECORDS, Navel Secretary Carlos Del Toro; DEPARTMENT OF DEFENSE, Secretary Lloyd Austin; UNITED STATES OF AMERICA

        Defendants.

24-cv-8732 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Administrative Procedure Act, 5 U.S.C. § 702, *et seq.*, seeking review of a decision of the Board of Correction of Naval Records denying his application to correct his military records. By order dated November 22, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

**A.    Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendants Board of Correction of Naval Records, United States Department of Defense, and the United States of America through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the defendants. The Clerk of Court is further instructed to (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; (2) issue summonses for each defendant; and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Application to Request *Pro Bono* Counsel**

Along with the complaint, Plaintiff filed an application for the court to request *pro bono* counsel. [ECF No. 6]. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Clerk of Court is respectfully directed to issue summonses for Defendants Board of Correction of Naval Records, United States Department of Defense, and the United States of

America, complete the USM-285 form with the address for each defendant, mark the box on the USM-285 form labeled "Check for service on U.S.A.," and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court grants Plaintiff's motion for permission to participate in electronic case filing. [ECF No. 5].

The Clerk of Court is respectfully requested to terminate the motion pending at docket entries 5 and 6.

The Clerk of Court is respectfully directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 5, 2024
         New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. United States of America
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530-0001

2. United States Department of Defense
   1400 Defense Pentagon
   Washington, D.C. 20301-1400

3. Board for Correction of Naval Records
   701 S. Courthouse Road
   Building 12, Suite 1001
   Arlington, VA 22204-2490

4. Attorney General of the United States
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530

5. United States Attorney
   Southern District of New York
   Civil Division
   86 Chambers Street, 3rd Floor
   New York, New York 10007