USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _3/26/2025_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDDY PHILIPPEAUX, | |
| Plaintiff, | |
| -against- | 24-cv-8732 (MKV) |
| BOARD OF CORRECTION OF NAVAL RECORDS, *Navel Secretary Carlos Del Toro*; DEPARTMENT OF DEFENSE, *Secretary Lloyd Austin,* UNITED STATES OF AMERICA, and DEPARTMNET OF VETERANS AFFAIRS, | **ORDER DENYING TEMPORARY RESTRAINING ORDER** |
| Defendants. | |

MARY KAY VYSKOCIL, United States District Judge:

On November 9, 2024, Plaintiff, proceeding *pro se*, commenced this action by filing a complaint, [ECF No. 1], against the Board of Correction of Naval Records, Department of Defense, and the United States of America[1] seeking an injunction declaring that his military record should be corrected to reflect a disability retirement qualifying him for the associated benefits and retroactive pension payments. [ECF No. 1 at 5].

Now before the Court is a motion filed by Plaintiff seeking for temporary restraining order and emergency injunctive relief directing the United States Air Force to immediately and "retroactively reinstate Plaintiff to the rank of Staff Sergeant (E-5) and his former position as Senior Electronic Warfare Systems Specialist (Avionics) in the 113th Air Wing, D.C. Air National Guard," [ECF No. 29 at 1], and "[r]etroactively recognize this reinstatement as effective December 31, 1989, preserving Plaintiff's eligibility for 20-year regular retirement and other entitlements,"

---

[1] Plaintiff filed three Supplemental Complaints, [ECF Nos. 10, 18, 24], which attempt to add as Defendants the Department of Veterans Affairs and the Air Force Board For Correction of Military Records.

and "[p]rohibit any further adverse administrative or personnel actions until final resolution of this matter." [ECF No. 29 at 11]. For the reasons discussed below Plaintiff's motion is DENIED.

## DISCUSSION

The Court acknowledges that Plaintiff is proceeding *pro se* and as such the Court must "liberally construe[]" documents submitted by Plaintiff. *Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008); *see also Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)) ("Courts must afford *pro se* plaintiffs 'special solicitude' " in reviewing their filings.). However, this leniency does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).

To obtain a temporary restraining order and/or preliminary injunction, a party must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor. " *MyWebGrocer, L.L.C. v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004). "Such relief, however, 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.' " *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Plaintiff's submission even when construed liberally, does not demonstrate that he is likely to suffer irreparable harm absent an injunction. Specifically, Plaintiff argues that he will suffer irreparable injury absent emergency relief from this Court because "Plaintiff's loss of retirement eligibility, rank, and associated military and VA benefits constitutes ongoing irreparable harm" and the "immediate result of his discharge" include "homelessness, depression, and deterioration of

his mental health." [ECF No. 29 at 10]. However, Plaintiff has failed to offer any explanation or evidence for his delay in seeking emergency relief of the likelihood of "imminent irreparable harm," especially in light of the fact that Plaintiff has told this Court that he was discharged in 1989. [ECF No. 29 at 1]. And Plaintiff initiated this action in November 2024 and did not seek emergency relief until four months later without providing any explanation for the decades long delay in seeking relief. [ECF No. 1]; *Lewis v. Gov't of England & United Kingdom*, No. 1:22-CV-10792, 2023 WL 2664081, at *3 (S.D.N.Y. Mar. 28, 2023), *aff'd sub nom. Lewis v. Gov't of England & the United Kingdom*, No. 23-500-CV, 2023 WL 8664492 (2d Cir. Dec. 15, 2023) (denying relief because of a lack of irreparable harm based on the "considerable delay in seeking this drastic remedy; not only did Plaintiff file this motion over three months after she filed her lawsuit, but the harm she seeks to remedy stems from a foreign sovereign's actions centuries ago"). Irreparable harm is the "single most important prerequisite for the issuance of a preliminary injunction," *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023), and therefore, Plaintiff's failure to sufficiently demonstrate this requirement is fatal and the Court need not consider the other requirements for an injunction. *See Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002).

Plaintiff seeks extraordinary relief and he has not, even with the special solicitudes afforded to a *pro se* Plaintiff, *Anderson Bey v. Roc Nation LLC*, No. 1:24-CV-02295, 2025 WL 560751, at *5 (S.D.N.Y. Feb. 20, 2025), "carrie[d] the burden of persuasion" required to receive such a drastic remedy. *Moore*, 409 F.3d at 510 (quoting *Mazurek*, 520 U.S. at 972); *see also Cunningham*, No. 19-CV-5480, 2019 WL 5887450, at *1 (S.D.N.Y. Nov. 9, 2019) (denying pro se Plaintiff's request for a temporary restraining order or a preliminary injunction because he failed to carry his "burden on any of the three requirements" by failing to provide "any legal analysis or justification for why

the Court should grant him injunctive relief"). Thus, Plaintiff's request for a temporary injunction must be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a temporary restraining order and/or preliminary injunctive relief is DENIED without prejudice. The Clerk of Court is respectfully requests to terminate the motion pending at docket entry 29.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Date:  **March 26, 2025**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

4