```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDDY PHILIPPEAUX,

                Plaintiff,

-against-

DEPT. OF VETERANS AFFAIRS, (VA); U.S. DEPT. OF DEFENSE (DOD); BOARD FOR CORRECTION OF NAVAL RECORDS; and AIR FORCE BOARD FOR CORRECTION OF MILITARY RECORDS,

                Defendants.

24-cv-8732 (MKV)

**ORDER OF SERVICE AND ORDER GRANTING REQUEST FOR PRO BONO COUNSEL**

MARY KAY VYSKOCIL, United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action under the Administrative Procedure Act, 5 U.S.C. § 702, *et seq.*, seeking review of a decision of the Board of Correction of Naval Records denying his application to correct his military records. By order dated November 22, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Thereafter, the Court issued an Order of Service, [ECF No. 14], however Plaintiff filed separate and varying "Supplemental Complaint(s)," [ECF Nos. 10, 18, 24], which assert different claims against various Defendants. The Court directed Plaintiff to submit one complete Amended Complaint naming all Defendants and asserting all Plaintiff's claims. [ECF No. 32]. Plaintiff did so on March 27, 2025, [ECF No. 33], and then shortly thereafter filed a motion to strike ECF No. 33 and filed another Amended Complaint. [ECF No. 35]. This Amended Complaint, which is now the operative complaint in this matter, names as Defendants the United States of America, the Department of Veterans Affairs, the United States Department of Defense, the Board for Correction of Naval Records, and the Air Force Board for Correction of Military Records. [ECF No. 35].

**DISCUSSION**

A.     **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

Since Plaintiff has named additional Defendants in this operative Amended Complaint [ECF No. 35], who were not previously served, and added additional claims that were not in the prior complaint served, to allow Plaintiff to effect service on the Department of Veterans Affairs, the United States Department of Defense, the Board for Correction of Naval Records, and the Air Force Board for Correction of Military Records through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the defendants.  The Clerk of Court is further instructed to (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; (2) issue summonses for each defendant; and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Application to Request *Pro Bono* Counsel**

Plaintiff previously filed an application for the court to request *pro bono* counsel. [ECF No. 6]. While the Court previously denied Plaintiff's request without prejudice, at this time the Court grants Plaintiff's request to request a pro bono attorney. The *in forma pauperis* statute provides that the courts "may **request** an attorney to represent any person unable to afford counsel." 28 U.S.C § 1915(e)(1) (emphasis added). Unlike in criminal cases, in civil cases, there is no requirement that courts provide indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Furthermore, a court has **no authority to appoint counsel** to represent the indigent litigant, instead the statute "merely empowers a court to **request** an attorney to represent a litigant proceeding *in forma pauperis*." *Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa*, 490 U.S. 296, 301–02 (1989) (emphasis in original).

In *Hodge*, the Second Circuit explained that "[e]ach case must be decided on its own facts," but provided factors a court should consider when deciding whether or not to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61–62. The litigant must first demonstrate that she is indigent. *Id.* at 61 (the statute requires that the plaintiff "be unable to obtain counsel before appointment will even be considered"). The court must next consider whether the litigant's claims "seem[] likely to be of substance." *Id.* If those threshold requirements are satisfied then the court should consider the plaintiff's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the plaintiff's ability to present the case, the complexity of the legal issues, and any additional special reasons why appointment of counsel would be more likely to lead to a just determination. *Id.*

Here, Plaintiff has demonstrated that he is indigent and although at an early stage of this case there are various other reasons why the early attempt at finding *pro bono* counsel could aid the resolution of this action. Specifically, plaintiff's ability to investigate the crucial facts, the plaintiff's ability to present the case, the complexity of the legal issues, and judicial economy.

The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. However, there is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case without an attorney. If an attorney volunteers to represent Plaintiff, it is entirely Plaintiff's decision whether to retain that attorney or not.

**CONCLUSION**

The Clerk of Court is respectfully directed to issue summonses for Defendants the Department of Veterans Affairs, the United States Department of Defense, the Board for Correction of Naval Records, and the Air Force Board for Correction of Military Records, complete the USM-285 form with the address for each defendant, mark the box on the USM-285 form labeled "Check for service on U.S.A.," and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court grants Plaintiff's motion to strike ECF No. 33. The Amended Complaint filed at ECF No. 35 will be treated as the operative complaint in this action.

The Court grants Plaintiff's application for the Court to request *pro bono* counsel.

The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 34.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:   April 4, 2025
         New York, New York

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. United States of America
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530-0001

2. United States Department of Defense
   1400 Defense Pentagon
   Washington, D.C. 20301-1400

3. Board for Correction of Naval Records
   701 S. Courthouse Road
   Building 12, Suite 1001
   Arlington, VA 22204-2490

4. Air Force Board for Correction of Military Records
   Air Force Review Boards Agency
   SAF/MRBC (AFBCMR)
   3351 Celmers Lane
   Joint Base Andrews, MD 20762-6435

5. Attorney General of the United States
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530

6. United States Attorney
   Southern District of New York
   Civil Division
   86 Chambers Street, 3rd Floor
   New York, New York 10007