USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___10/1/2025___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDDY PHILIPPEAUX,

                              Plaintiff,

        -against-

UNITED STATES OF AMERICA, *et al*,

                              Defendants.

24-cv-8732 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

On November 9, 2024, Plaintiff, proceeding *pro se*, commenced this action by filing a complaint. [ECF No. 1], against the Board of Correction of Naval Records, Department of Defense, and the United States of America seeking an injunction declaring that his military record should be corrected to reflect a disability retirement qualifying him for the associated benefits and retroactive pension payments. [ECF No. 1].

Thereafter, Plaintiff filed numerous supplemental Complaints. [ECF Nos. 10, 18, 24, 32, 33, 35, 64]. After Defendants were served and appeared in this action, the Court issued a scheduling Order directing Plaintiff to file one final Amended Complaint and setting a briefing schedule on Defendants' contemplated motion to dismiss. [ECF No. 69]. In accordance with the Court's Order, Plaintiff filed his operative complaint. [ECF No. 75].

Shortly thereafter, and more than ten months after the initial complaint was filed, Plaintiff filed two motions. [ECF Nos. 77, 78]. The first motion is labeled as "Plaintiff's Motion to Declare Unconstitutional 38 U.S.C. § 5101's Formal Application Requirement As Applied to Service Members Incapacitated By Traumatic Brain Injury or Mental Disability" and requests the Court to declare 38 U.S.C. § 5101 unconstitutional. [ECF No. 77]. The second motion is labeled "Plaintiff's Motion for an Order To Sow Cause Why The VA Has Failed To Comply With Board

of Veterans' Appeals Orders And Remands" and requests that the Court issue an order to show cause.  [ECF No. 78].  For the reasons discussed below Plaintiff's two motions [ECF Nos. 77 and 78] are DENIED without prejudice.

## DISCUSSION

Plaintiff is proceeding *pro se* and as such the Court must "liberally construe[]" documents submitted by Plaintiff.  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008).  As such, the Court liberally construes these motions as requests for the Court to grant Plaintiff preliminary injunctive relief.

While the Court must "liberally construe[]" documents submitted by Plaintiff,  *Boykin*, 521 F.3d at 214, this leniency does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).  Additionally, the Second Circuit has made clear, that *pro se* status does not "excuse frivolous or vexatious filings" or "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citations omitted).    Plaintiff previously filed a motion for a temporary restraining order and emergency injunctive relief in this action, [ECF Nos. 29, 31], and the Court denied that motion.  [ECF No. 31].  Plaintiff's newly filed motions [ECF Nos. 77, 78], which the Court has liberally construed as motions seeking preliminary injunctive relief, are denied for the reasons previously articulated in the Court's prior Order.  *See* ECF No. 31.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motions are DENIED without prejudice.

IT IS FURTHER ORDERED that as previously ordered [ECF No. 83], Defendants' motion to dismiss is due on or before October 9, 2025; Plaintiff's opposition to Defendants' motion is due

on or before November 10, 2025; and Defendants' reply, if any, shall be filed by November 18, 2025.  The Court will resolve the contemplated motion in the normal course.

**Failure to comply with the Court's orders or deadlines, the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully requested to terminate the motions pending at docket entries 77 and 78.

**SO ORDERED.**

Date:  **October 1, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**