USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/8/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDDY PHILIPPEAUX,

Plaintiff,

-against-

UNITED STATES OF AMERICA, *et al*,

Defendants.

24-cv-8732 (MKV)

**OPINION & ORDER DISMISSING CERTAIN CLAIMS, TRANSFERRING REMAINING CLAIMS, & TERMINATING THE CASE**

MARY KAY VYSKOCIL, United States District Judge:

In this action, Plaintiff Eddy Philippeaux, who is proceeding *pro se* and *in forma pauperis*, [ECF No. 9], sues the Board for Correction of Naval Records (the "BCNR"); the Air Force Board for Correction of Military Records ("AFBCMR") (together, the "Military Boards"); the Department of Defense, Peter B. Hegseth, in his official capacity as United States Secretary of Defense; Jules W. Hurst, in his official capacity as Acting U.S. Undersecretary of Defense for Personnel and Readiness; John C. Phelan, in his official capacity as U.S. Secretary of the Navy; Troy Meink, in his official capacity as U.S. Secretary of the Air Force; the United States Air Force (the "Air Force"); and the United States Navy (the "Navy") (together with the Military Boards, the "Military Defendants"); the Department of Veterans Affairs ("VA"); Douglas A. Collins, in his official capacity as U.S. Secretary of Veterans Affairs (together with the VA, the "VA Defendants"); and the United States of America (together with the rest of the defendants, the "Government" or the "Defendants").[1]

---

[1] Plaintiff has at various points purported to sue different lists of defendants, and the Court has warned him that, in amending his complaint, he must include any and all defendants he intends to sue. [ECF No. 32]. The list here is taken from the operative complaint, [ECF No. 76] at 1 (not counting the two-page cover sheet), as spelled out more fully by the Defendants, who appear to have omitted the Air Force from their own list, [ECF No. 103] at 1.

"An action against a federal agency or federal officers in their official capacities is essentially a suit against the United States." *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (citation modified). The Defendants all join in a single motion to dismiss that principally organizes Plaintiff's claims into those against the VA Defendants

After a number of extensions to the briefing schedule, [ECF Nos. 80, 83, 87, 100], Defendants' motion to dismiss this case is before the Court. [ECF No. 102] (the "Motion" or "Motion to Dismiss"). The Motion is supported by a memorandum of law, [ECF No. 103] (the "MTD"), the Plaintiff's certified administrative records from the Navy (the "Navy") and the Air Force, [ECF Nos. 106, 107] (the "Navy Records" and "Air Force Records," respectively), and a reply memorandum of law, [ECF No. 112] (the "Reply"). Defendants also filed a letter to clarify that they are not seeking summary judgment. [ECF No. 108].

Plaintiff opposed. [ECF No. 105] (the "Opposition" or "Opp."). The Opposition, which attaches twenty exhibits, [ECF Nos. 105-1–20], is over five-hundred pages. Nevertheless, because in Plaintiff's view "Defendants' motion raise[d] . . . issues that . . . require[d] clarification beyond what could reasonably [have] be[en] addressed in the principal opposition brief," [ECF No. 111] at 2, Plaintiff requested leave to file, and did so file, a supplemental opposition brief.[2] [ECF No. 111].

In parallel with the authorized briefing sequence, Plaintiff also filed a motion for declaratory judgment, [ECF No. 104]; a follow-on motion for "partial" declaratory judgment, [ECF No. 109], supported by an affidavit, [ECF No. 110]; a packet of "additional evidence," [ECF No. 114]; two motions for judicial notice of an additional two-hundred pages of documents, [ECF Nos. 113, 115]; an exhibit, self-styled as "Exhibit X-02 in further support of Plaintiff's Motion for Restitution, Recoupment, Accounting, and Other Equitable Relief," [ECF No. 116], which is not a motion that appears as pending on the Court's docket; two supplemental memoranda of law in support of that motion, [ECF Nos. 117, 118]; and a letter motion for leave to file a notice of

---

and those against the Military Defendants. The Court adopts that schema, but notes specifically that this Opinion and Order disposes of all claims against all Defendants.

[2] Plaintiff was never granted leave to make this filing, but the Court has reviewed and considered it.

supplemental authority, attaching said authority, [ECF No. 119] (together, the "Supplemental Filings").

The Supplemental Filings are highly repetitive and largely redundant. The Court does not understand the miscellaneous "motions" contained therein to raise issues or seek relief on any basis not already presented in the operative complaint. Moreover, because neither Plaintiff nor Defendants have attempted to show with any specificity how the thousands of pages of documents they have haphazardly appended to the Motion to Dismiss briefing are "incorporated by reference" or otherwise "integral to" the complaint, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation modified),[3] the Court declines to rely upon them.

**BACKGROUND**

Plaintiff has filed approximately nine complaints in this action. [ECF Nos. 1, 10, 18, 24, 34, 35, 64, 75, 76]. The operative one is self-styled as the "third." [ECF No. 76] (the "Complaint" or "Compl."). The Court has decided at least two miscellaneous motions for emergency relief. *See* [ECF Nos. 31, 87]. The Court also granted Plaintiff's request for *pro bono* counsel, *see* [ECF No. 37], provided Plaintiff with the names and contact information of skilled attorneys willing to represent him for free, *see* [ECF Nos. 53], and afforded him additional time to file an amended complaint with the benefit of representation, *see* [ECF No. 59]. Shortly thereafter, Plaintiff fired his *pro bono* counsel. *See* [ECF No. 68].

---

[3] Defendants instead simply notify the Court in a footnote that they cite throughout their briefing to "the most recent administrative decisions by the military boards and the certified administrative records produced by each agency." MTD at 2 n.1. In asking the Court to join them in this approach, they advise, citing inapposite precedent from district courts in other circuits, only that, "[p]articularly if the Court construes the Complaint as seeking APA review of the most recent BCNR and AFBCMR decisions, such decisions should be considered incorporated by reference into the pleadings." *Id.* But the full Navy and Air Force Records are far broader than "the most recent BCNR and AFBCMR decisions," *id.*, and, furthermore, Defendants argue elsewhere—correctly, in the Court's view—that it is almost impossible to determine from the Complaint which BCNR and AFBCMR decisions Plaintiff even purports to challenge, MTD at 24.

Plaintiff served in the Navy from 1972 through 1980. Compl. ¶ 23. He suffered a traumatic brain injury ("TBI") while on active duty in 1977. Compl. ¶ 1. In 1980, he was discharged honorably. Compl. ¶ 51. A 1979 performance evaluation, attached to the Complaint, contained "evidence of [his] diminished functional capacity, warranting . . . consideration for disability retirement," yet "the Navy failed to act upon the findings . . . and discharged [him] without proper medical review or correction of records." Compl. ¶¶ 80–81.

In 1983, he submitted an "informal" claim for disability benefits with the VA. Compl. ¶ 3. In 1995, he made a "formal" claim, which was denied in 1997. Compl. ¶ 86. Immediately thereafter, Plaintiff filed a Notice of Disagreement, but the VA "failed to . . . further adjudicate the matter, leaving the claim procedurally open for decades to this very day and in appellate status." Compl. ¶ 87. Nevertheless, he has "[s]ince 2009 . . . obtained multiple independent diagnoses from both VA and private medical providers confirming the chronic and debilitating nature of his TBI residuals and related secondary conditions." Compl. ¶ 89. Indeed, the VA "assigned [him] a 100 percent schedular disability rating." Compl. ¶ 27 (emphasis omitted). The VA, however, has "repeatedly failed to comply with final remand directives issued by the Board of Veterans' Appeals [(the "BVA")] in multiple years, including BVA orders and remands dated Jun 13, 2016, August 15, 2023, February 20, 2024, February 20, 2024[,] June 5, 2024[,] July 16, 2024, October 24, 2024[,] and March 24, 2025." Compl. ¶ 18 (emphasis omitted).

"Plaintiff also sought correction of his Navy discharge characterization and records," but the BCNR "failed to review his records or apply" the appropriate standard of review. Compl. ¶¶ 145–46. The AFBCRM likewise "failed to correct . . . omissions despite multiple applications

supported by compelling evidence."[4] Compl. ¶ 214. In short, both Military Boards "den[ied] correction of Plaintiff's record[s]," Compl. ¶ 240, resulting in the continued forestallment of retroactive "disability retirement" status, Compl. ¶ 81.

Plaintiff previously has sued over related issues in various Article III and Article I tribunals. *See, e.g.*, *Philippeaux v. Collins*, No. 24-5692, 2025 WL 1024614 (Vet. App. Apr. 7, 2025); *Philippeaux v. United States*, No. 23-10968, 2024 WL 750308 (11th Cir. Feb. 23, 2024); *Philippeaux v. United States*, No. 20-275, 2020 WL 7042908 (Fed. Cl. Dec. 1, 2020), *aff'd*, No. 2021-1466, 2021 WL 4059100 (Fed. Cir. Sept. 7, 2021); *Philippeaux v. United States*, No. 10 Civ. 6143 (NRB), 2011 WL 4472064 (S.D.N.Y. Sept. 27, 2011).

Plaintiff brings claims here under the Administrative Procedure Act (the "APA"), Compl. ¶¶ 156–69, 186–91; the Federal Tort Claims Act (the "FTCA"), Compl. ¶¶ 170–181, 192–97; the Tucker and Military Pay Acts, Compl. ¶¶ 182–82, 198–202; the Due Process Clause of the Fifth Amendment to the Constitution, Compl. ¶¶ 203–237; and for "Failure of the Military Correction Boards," Compl. ¶¶ 328–251. "Plaintiff seeks prospective and retrospective relief, including compensation, disability retirement status," Compl. ¶ 31, declaratory relief, "retroactive military disability retirement and correction of [his] military and medical records," Compl., Prayer for Relief, and at least $4,000,000 in damages, Compl. ¶¶ 252–258. Plaintiff fails to disaggregate his claims on any legible, Defendant-by-Defendant basis, so the Court "construes" his Complaint "liberally" to "raise the strongest [claims] that [it] suggest[s]" against each Defendant. *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020).

---

[4] Although his Complaint does not allege it explicitly, the Court infers that Plaintiff also served in the Air Force. *See* MTD at 2–3 (citing Navy and Air Force Records in recounting Plaintiff's Air Force Reserve and Air National Guard service).

Defendants move to dismiss Plaintiff's claims against the VA Defendants for lack of subject matter jurisdiction, his claims under the FTCA for failure to state a plausible claim for relief, his claims against the Military Defendants for lack of subject matter jurisdiction, and his claims under the APA for failure to state a plausible claim for relief. MTD at 2. The Court does not reach the merits of Plaintiff's claims.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a claim must be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citation modified).

## ANALYSIS

### I. Rule 8

The Court is cognizant of Plaintiff's *pro se* status and sympathizes deeply with his plight as a veteran who, having served his country honorably, now finds himself, for one reason or another, in a situation of palpable distress. In reviewing his Complaint, the Court has "construe[d]" it "liberally" to "raise the strongest [claims] that [it] suggest[s]" against each Defendant. *Meadows* at 963 F.3d at 243. Indeed, as already noted, the Court has not only afforded Plaintiff special

solicitude, but has also enlisted talented and dedicated counsel to assist him on a *pro bono* basis. Plaintiff's response was to fire his *pro bono* counsel and continue *pro se*.

"The special solicitude in *pro se* cases has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure . . . ." *Broughton v. Tr. Bank*, No. 23-CV-6042 (LTS), 2024 WL 37074, at *1 (S.D.N.Y. Jan. 3, 2024) (citation modified). "Although [Rule 8] does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation modified).

Plaintiff—on his ninth try, and having fired the lawyer arranged for him by the Court—has not met the minimum threshold of Rule 8. *See Strunk v. U.S. House of Representatives*, 68 Fed. App'x 233, 235 (2d Cir. 2003) (summary order) ("A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (complaint "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *Avramham v. N.Y.*, No. 20-CV-4441, 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020) (dismissing complaint under Rule 8 where, despite "close[] scrutin[y]," the court was "unable to understand the nature of the claims asserted").

Plaintiff's Complaint is recursive, redundant, and impenetrable. Its substance has been further obscured by the hundreds of pages of disorganized evidence and impertinent briefing filed around its margins. To make matters worse, Plaintiff appears to have copied and pasted into his papers somewhat strange-sounding advice from a third party, *see, e.g.*, Opp. at vii (referring to a cited case as "helpful if you plead negligence 'around' intentional-tort framing"), and cited in them

to apparently non-existent cases, *see, e.g.*, *id.* at xiii (citing *Bennett v. United States*, 77 F.4th 124 (2d Cir. 2023)), xiv (citing *Detweiler v. United States*, 131 F. Supp. 2d 116 (D.D.C. 2001)). It is also difficult to disentangle the Complaint from the thicket of closely related actions filed by Plaintiff in tribunals around the country.

The Court could dismiss the Complaint on this basis alone. *See Da Costa v. Marcucilli*, 675 Fed. App'x 15, 17 (2d Cir. 2017) (summary order) ("The amended complaint, nearly 50 pages long, with hundreds of pages of exhibits, is convoluted and repetitive."); *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (special solicitude given to *pro se* litigants "does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

However, to the extent that "a liberal reading of the complaint [could] give[] any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999), and in the interest of an elusive finality, the Court proceeds to assess Plaintiff's claims. Finding, for the most part, nothing to "suggest[] that . . . [P]laintiff has a claim that []he has inadequately or inartfully pleaded and that []he should therefore be given a[nother] chance to reframe," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Court dismisses the claims against the VA Defendants without leave to amend and transfers the claims against the Military Defendants to the proper forum.

## II. VA Defendant Claims

"The problem with [Plaintiff's] causes of action" against the VA Defendant cannot be cured by "better pleading." *Id.* The problem is also simple: "To the extent Plaintiff seeks review of benefits he believes he is owed from the VA, the Court must dismiss Plaintiff's claims" for "lack[ of] subject matter jurisdiction." *Henderson v. Dep't of Veterans Affs.*, No. 24-CV-5016 (LTS), 2025 WL 27477, at *1 (S.D.N.Y. Jan. 2, 2025) (citing, *inter alia*, *Larrabee by Jones v.*

*Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992); *Capezza v. Brown*, 159 F.3d 1345 (2d Cir. 1998) (table decision)).

Under the "adjudicatory process" created by the Veterans' Judicial Review Act (the "VJRA"), a veteran whose benefits claim is denied by his regional VA office may appeal that denial up through a channel of Article I review composed of the Board of Veterans' Appeals (the "BVA") and the Veterans Court (the "VC") to the United States Court of Appeals for the Federal Circuit (the "Federal Circuit") and, ultimately, the United States Supreme Court (the "Supreme Court"). *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 431–33 (2011) (quotation omitted). This finely tuned "appellate mill," *Larrabee*, 968 F.2d at 1501, while vertically extensive, is horizontally limited. "Most significantly for our purposes," as has been explained to Plaintiff before, "the review structure for disputes involving veterans' benefits excludes federal district courts." *Philippeaux*, 2011 WL 4472064, at *5, *5 n.3 (S.D.N.Y. Sept. 27, 2011) (citing, *inter alia*, *Hassan v. U.S. Dep't of Veterans Affairs*, 137 F. App'x 418, 420 (2d Cir. 2005); *Larrabee*, 968 F.2d at 1501).[5]

The VJRA provides that a "district court is barred from reviewing [a VA] benefits determination." *Hassan v. U.S. Dep't of Veterans Affs.*, 137 F. App'x at 420–21. Instead, "the [VA] Secretary shall decide all questions of law and fact necessary to a decision . . . under a law that affects the provision of benefits . . . to veterans or the dependents or survivors of veterans," and, subject to the appellate mill already discussed as well as certain exceptions not applicable here,[6] "the decision of the Secretary as to any such question shall be final and conclusive and may

[5] Defendants declined to brief, and the Court declines to decide, the scope of any preclusive effect that prior adjudications of Plaintiff's claims in this area might have. The Court notes that Plaintiff argues strenuously against the application of *res judicata*. *See, e.g.*, Opp. at 7, 23–24, 41. Because the Court cannot reach the merits of any of Plaintiff's claims, this issue need not be decided here. *But see* Kevin Song, Note, *Preclusive Jurisdictional Dismissals*, 119 Nw. U. L. Rev. 1703 (2025).

[6] In the Supplemental Filings, Plaintiff apparently attempts to recast this entire litigation as "relating to" servicemembers' life insurance. *See* [ECF Nos. 117, 118]. Arguably, this could implicate the exception for "civil

not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511 (citation modified).

Plaintiff's FTCA claims must likewise proceed through the channel prescribed by Congress. *Philippeaux*, 2011 WL 4472064, at *7.[7] The same is true of his APA claims. *See Smith v. Parauda*, No. 18-CV-2931, 2019 WL 10948727, at *2 (S.D.N.Y. Jan. 16, 2019) ("Finally, to the extent Plaintiff raises an APA claim, it too is barred, because this Court lacks jurisdiction to review it." (citing 38 U.S.C. § 511(a); *Hassan*, 137 F. App'x at 420)). Not even if his "challenges are cloaked in constitutional terms" may this outcome be avoided.[8] *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) (citing *Pappanikoloaou v. Administrator of Veterans Admin.*, 762 F.2d 8, 9 (2d Cir.) (per curiam) (collecting cases), *cert. denied*, 474 U.S. 851; *Larrabee*, 968 F.2d at 1500).

"By providing judicial review in the Federal Circuit, Congress intended to obviate the Supreme Court's reluctance to construe the statute as barring [Article III] judicial review of substantial statutory and constitutional claims, while maintaining uniformity by establishing an exclusive mechanism for appellate review of decisions of the [VA] Secretary." *Larrabee*, 968 F.2d at 1501 (citation modified). Nothing about Plaintiff's Complaint calls for deviation from that

---

action[s] or claim[s] . . . founded upon" provisions governing servicemembers' life insurance, 38 U.S.C. § 1975. *See* 38 U.S.C. 511(b)(2). However, the Complaint itself never once uses the word "insurance," and Plaintiff's Supplemental Filings are very far from clear about his life insurance-related contentions, so the Court will not dwell on this possibility.

[7] "A federal agency is not a proper defendant under the FTCA; only the United States can be sued for claims within the law's scope." *Levinson v. United States Fed. Bureau of Prisons, Metro. Corr. Ctr. - New York*, 594 F. Supp. 3d 559, 569 (S.D.N.Y. 2022) (citation modified) (quoting *Page v. Oath Inc.*, 2018 WL 1406622, at *3 (S.D.N.Y. Mar. 20, 2018), *aff'd sub nom. Page v. United States Agency for Glob. Media*, 797 F. App'x 550 (2d Cir. 2019) (citing 28 U.S.C. § 2679(b)(1)). Nevertheless, "properly understood," any FTCA claim here "is no more than a restated claim to review the VA's benefits denial." *Philippeaux*, 2011 WL 4472064, at *7.

Moreover, to the extent that any FTCA claim—whether against the VA or any other Defendants—constitutes a "tort suit[] against the Government for injuries that '[arose] out of or [were] in the course of activity incident to service,'" it is independently barred. *United States v. Johnson*, 481 U.S. 681, 686–88 (1987) (quoting *Feres v. United States*, 340 U.S. 135, 146 (1950)).

[8] This is to say nothing of the sovereign immunity issues that would likely be an independent bar to such claims, including "potential[]" claims under *Bivens*, [ECF No. 114] (cleaned up). *See Hassan*, 137 F. App'x at 420.

clear mechanism. Accordingly, Plaintiff's claims against the VA Defendants are DISMISSED without leave to amend.

### III. Military Defendant Claims

Plaintiff's claims against the Military Defendants are somewhat more complicated. These boil down to his allegations that "Defendants Department of Defense, Department of the Navy, and Department of the Air Force, through their respective Boards for Correction of Military Records (BCMRs), are responsible for correcting military personnel records," Compl. ¶ 74, and, here, have failed to make such corrections to reflect that Plaintiff was disabled at the time of his discharge. Plaintiff brings these claims via the Tucker Act, seeking "monetary entitlements" in the form of "retroactive disability pay" under Title 10, United States Code, Section 1201 *et seq*. Compl. ¶¶ 182–185. Defendants, citing virtually no authority from this Circuit, argue that Plaintiff's invocation of the Tucker Act entails dismissal. *See* MTD at 21–22.

The Tucker Act "waives sovereign immunity with respect to . . . and grants the Court of Federal Claims exclusive jurisdiction over," *Atterbury v. U.S. Marshals Serv.*, 805 F.3d 398, 406 (2d Cir. 2015), "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491.[9] As such, to the extent that Plaintiff's action is one that is "against the United States for money damages exceeding $10,000," his claim can be heard in the Court of Federal Claims, and there only. *E. Enters. v. Apfel*, 524 U.S. 498, 520 (1998).

[9] Plaintiff also cites the Little Tucker Act, which grants the district courts "original jurisdiction, concurrent with the United States Court of Federal Claims," over such actions "not exceeding $10,000 in amount," 28 U.S. Code § 1346(a)(2). Compl. ¶ 183. Nevertheless, he is avowedly seeking "monetary relief in excess of $10,000." Compl. ¶ 222.

Plaintiff repeatedly asserts that he is also seeking various forms of injunctive relief. *See, e.g.*, Compl., Prayer for Relief ¶¶ a., b. Alleging that the "BCNR and AFBCMR decisions denying correction of Plaintiff's record were contrary to law, lacked reasoned explanation, and ignored compelling medical evidence," he seeks such relief under the APA. Compl. ¶ 240. In almost identical circumstances, the Tenth Circuit has held that the proper course remains transfer to the Court of Federal Claims.[10] *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997) ("Even though [Plaintiff] did not seek monetary relief, it is clear that his prime objective was to obtain benefits exceeding $10,000 in the form of retired pay from the Department of the Army, V.A. disability benefits, or a combination of both."). Indeed, the circumstances here are even clearer, because Plaintiff ***is*** expressly and ultimately seeking "monetary relief in excess of $10,000." Compl. ¶ 222.

The APA's waiver of sovereign immunity does not extend to claims like Plaintiff's, where another "statute that grants consent to suit"—here, the Tucker Act—"expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. This "provision prevents plaintiffs from exploiting the APA's waiver to evade limitations on suit contained in other statutes," *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 215 (2012), instead "ensur[ing] that a central judicial body adjudicates most claims against the United States Treasury," *Kidwell v. Dep't of Army, Bd. for Correction of Mil. Recs.*, 56 F.3d 279, 284 (D.C. Cir. 1995).

Recent decisions in this district concerning federal grant-terminations—not cited by the Parties—are informative, if not quite on point. *See New York v. Nat'l Sci. Found.*, 793 F. Supp.

[10] Defendants request dismissal under Federal Rule of Civil Procedure 12(b)(1), *see* MTD at 21, but the Court will instead order that this portion of the Complaint be transferred "in the interest of justice." 28 U.S.C. § 1631.

3d 562 (S.D.N.Y. 2025); *New York v. Nat'l Sci. Found.*, 793 F. Supp. 3d 562 (S.D.N.Y. 2025); *American Council of Learned Societies v. McDonald*, 792 F. Supp. 3d 448, 480 (S.D.N.Y. 2025); *New Jersey v. United States Dep't of Transportation*, No. 26-CV-00939, 2026 WL 1863847 (S.D.N.Y. June 29, 2026); *New York v. Admin. for Child. & Fams.*, No. 26-CV-172, 2026 WL 673848 (S.D.N.Y. Mar. 10, 2026); *Metro. Transportation Auth. v. Duffy*, No. 25-CV-1413, 2026 WL 588117, at *27 (S.D.N.Y. Mar. 3, 2026). Those cases, along with the principal Supreme and Circuit Court decisions they discuss, *see Nat'l Institutes of Health v. American Pub. Health Ass'n,* 606 U.S. ----, 145 S. Ct. 2658, 222 L. Ed. 2d 1191 (2025); *Dep't of Educ. v. California*, 604 U.S. 650 (2025); *Atterbury*, 805 F.3d 398; *Megapulse, Inc. v. Lewis*, 672 F.2d 959 (D.C. Cir. 1982), concern claims that would be filtered exclusively into the Federal Court of Claims under the Tucker Act only if they were "in essence . . . contract claim[s]." *Atterbury*, 805 F.3d at 406.

But there are at least "three types of [non-tort] claims" against the United States "from which monetary relief might follow" such that exclusive "jurisdiction is lodged in the Court of Federal Claims" under the Tucker Act. *Metro. Transportation Auth. v. Duffy*, 2026 WL 588117, at *27. Accordingly, the Court need not be on the lookout only for "disguised contract action[s]," *Megapulse*, 672 F.2d at 968, but also for all those claims where "the 'particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum.'" *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004) (quoting *United States v. Testan*, 424 U.S. 392, 401–402 (1976)).

As pled, Plaintiff appears to be asserting precisely such a claim. *See* Compl. ¶ 202 ("Plaintiff is entitled to retroactive and continuing disability retirement compensation as permitted under the Tucker Act and related military retirement statutes."), Prayer for Relief ¶ b. ("Order retroactive military disability retirement and correction of Plaintiff's military and medical records under 10 U.S.C. §§ 1201, 1552, and 1553[.]"). As in *Burkins*, Plaintiff here has no non-monetary

"interest in having his discharge status changed from honorable to disability-related." *Burkins*, 112 F.3d at 450 n.5.

Nor is this a case where, as in *Bowen v. Massachusetts*, 487 U.S. 879 (1988), "there is no 'adequate remedy' in the Claims Court." *Bowen*, 487 U.S. at 913 (1988) (Scalia, J. dissenting). Instead, Plaintiff's "claim is precisely the 'special kind of litigation' for which Congress has given the Court of Federal Claims specific equitable powers to afford complete relief." *Burkins*, 112 F.3d at 450 n.6; *see* 28 U.S.C. § 1491(a)(2) ("To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing . . . placement in appropriate duty or retirement status, and correction of applicable records[.]"). In the Federal Court of Claims, and on any appeal to the Court of Appeals for the Federal Circuit, "correction board decisions" are "review[ed]," quite similarly to how they would be under the APA, "to determine if they are arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Philippeaux*, 2021 WL 4059100, at *4 (citation modified).[11]

In this case, the answer to the question of "***which*** waiver [of sovereign immunity] applies[—]the APA's or the Tucker Act's," *Nat'l Institutes of Health v. Am. Pub. Health Ass'n*,

[11] The Court notes that, in a determination not apparently reviewed on appeal, the Court of Federal Claims recently held that it "lacks subject matter jurisdiction" to adjudicate "Mr. Philippeaux's Due Process and Equal Protection Clause claims" because they "are not money mandating." *Philippeaux*, 2020 WL 7042908, at *9, *aff'd*, 2021 WL 4059100. Of course, "an interpretation" of "the due process clause of the Fifth Amendment as specifically affording compensation by the United States government for violations thereof" is "[im]possible." *Duarte v. United States*, 532 F.2d 850, 852 (2d Cir. 1976). But the Court does not understand Plaintiff here to seek damages under the Due Process Clause directly. *See* Compl. ¶¶ 203–237. Instead, the Complaint seems to invoke the Constitution as one explanation among many for why the Military Boards' decision not to "[o]rder retroactive military disability retirement and correction of [his] military and medical records under 10 U.S.C. §§ 1201, 1552, and 1553," Compl. Prayer for Relief ¶ b, was "contrary to law," *Philippeaux*, 2021 WL 4059100, at *4. Simply put: Rather than raising an independent constitutional claim, Plaintiff is restating the same grievance—and seeking the same disability retirement pay—under a different heading. *See, e.g.*, Compl. ¶ 229 (Denial of Due Process Through Refusal to Apply Liberalizing Laws: The Navy and Air Force correction boards failed to apply liberalizing laws and regulations aimed at protecting disabled veterans suffering from PTSD and TBI, including the Kurta Memo (2018), 10 U.S.C. § 1553(h)(2)(B) (emphases omitted)).

145 S. Ct. at 2672 (Jackson, J. concurring in part)—matters mostly only insofar as it tells Plaintiff where his claims belong. The Answer is the Tucker Act, so the Court of Federal Claims is the proper forum for Plaintiff's claims. Accordingly, the Court Orders Plaintiff's claims against the Military Defendants transferred there.

## CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's claims against the VA Defendants are DISMISSED without leave to amend and that his claims against the Military Defendants are TRANSFERRED to the Court of Federal Claims. The Clerk of Court is respectfully requested to terminate all outstanding docket entries, transfer the case against the Military Defendants to the Court of Federal claims, and close this case.

**SO ORDERED.**

**Date: September 8, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**